IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| TIMOTHY TARLTON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:21-cv-278 |
| CHARLOTTE REGIONAL VISITORS AUTHORITY, | ) |
| Defendant. | ) |

**EXHIBIT A**

**TO**

**NOTICE OF REMOVAL**

Summons and Complaint

| STATE OF NORTH CAROLINA | | File No. 21-CVS-1249 |
|---|---|---|
| UNION County | | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name And Address Of Plaintiff 1<br>Timothy Tarlton | FILED<br>2021 MAY -3 P 3:26<br>UNION CO., C.S.C.<br>BY ALL | **GENERAL CIVIL ACTION COVER SHEET**<br>☒ INITIAL FILING   ☐ SUBSEQUENT FILING |
|---|---|---|
| Name And Address Of Plaintiff 2 | | |

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

**VERSUS**

| Name And Address Of Defendant 1<br>Charlotte Regional Visitors Authority, Attn Tom Murray, CEO<br>501 South College Street<br>Charlotte, NC 28202 | Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)<br>Jeremy A. Stephenson<br>6701 Carmel Road, Suite 105<br>Charlotte, NC 28226 |
|---|---|

| Summons Submitted<br>☒ Yes  ☐ No | Telephone No.<br>704-374-1600 | Cellular Telephone No. |
|---|---|---|
| Name And Address Of Defendant 2 | NC Attorney Bar No.<br>34623 | Attorney Email Address<br>jstephenson@passlawyers.com |
| | ☐ Initial Appearance in Case   ☐ Change of Address | |
| | Name Of Firm<br>Pope Aylward Sweeney & Stephenson | Fax No.<br>704-759-8966 |
| Summons Submitted<br>☐ Yes  ☐ No | Counsel For<br>☐ All Plaintiffs  ☒ All Defendants  ☐ Only: (list party(ies) represented) | |

☐ Jury Demanded In Pleading   ☐ Complex Litigation   ☐ Stipulate to Arbitration

**TYPE OF PLEADING**

(check all that apply)

- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) (see Note)
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNFJ)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) *Assess Court Costs*
- ☐ Crossclaim (list on back) (CRSS) *Assess Court Costs*
- ☐ Dismiss (DISM) *Assess Court Costs*
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)

- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other (specify and list each separately)

NOTE: All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

(Over)

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

| | CLAIMS FOR RELIEF | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP) | ☐ Product Liability (PROD) |
| ☐ Appointment Of Receiver (APRC) | | ☐ Real Property (RLPR) |
| ☐ Attachment/Garnishment (ATTC) | ☐ Medical Malpractice (MDML) | ☐ Specific Performance (SPPR) |
| ☐ Claim And Delivery (CLMD) | ☐ Minor Settlement (MSTL) | ☐ Other *(specify and list each separately)* |
| ☐ Collection On Account (ACCT) | ☐ Money Owed (MNYO) | |
| ☐ Condemnation (CNDM) | ☐ Negligence - Motor Vehicle (MVNG) | |
| ☐ Contract (CNTR) | ☐ Negligence - Other (NEGO) | |
| ☐ Discovery Scheduling Order (DSCH) | ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN) | |
| ☐ Injunction (INJU) | ☐ Possession Of Personal Property (POPP) | |

Date: 04/30/2021

Signature Of Attorney/Party: *[signed]*

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s) | ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|---|
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 3/19
© 2019 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | File No. 21-CVS-1249 |
|---|---|
| _____ County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| Timothy Tarlton |

| Address |
|---|
| c/o Jeremy A. Stephenson |

| City, State, Zip |
|---|
| 6701 Carmel RD., STE 105, Charlotte, NC 28226 |

FILED
2021 MAY -3  P 3:26
UNION CO., C.S.C.
BY AH

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

VERSUS

| Name Of Defendant(s) |
|---|
| Charlotte Regional Visitors Authority |

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Charlotte Regional Visitors Authority<br>Attn. Tom Murray, CEO<br>501 South College St.<br>Charlotte, NC 28202 | |

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

¡**IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Jeremy A. Stephenson, Esq.<br>Pope Aylward Sweeney & Stephenson<br>6701 Carmel RD., Ste. 105<br>Charlotte, NC 28226 | 5-3-2021 | 3:26 ☐ AM ☐ PM |
| | Signature | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time<br>☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| | | RETURN OF SERVICE | |
|---|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA                    IN THE GENERAL COURT OF JUSTICE
                                           SUPERIOR COURT DIVISION
COUNTY OF UNION                  FILED         21-CVS-1249

TIMOTHY TARLTON,           )   2021 MAY 13  P 3: 26
                           )
            Plaintiffs,    )   UNION CO., C.S.C.
                           )   BY____AH____
vs.                        )              **COMPLAINT and JURY TRIAL**
                           )                       **DEMAND**
CHARLOTTE REGIONAL VISITORS )
AUTHORITY,                 )
                           )
            Defendant.     )
                           )

**NOW COMES** the Plaintiff, Timothy Tarlton, complaining of the Defendant, the Charlotte Regional Visitors Authority, alleges and says as follows:

1. The Plaintiff, Timothy Tarlton, is a citizen and resident of Union County, North Carolina.

2. The Defendant, Charlotte Regional Visitors Authority, a North Carolina public authority established under the Charter of the City of Charlotte.

3. Defendant hired Plaintiff to the position of Engineering Department Manager on October 24, 2016.

4. In his position, Plaintiff was responsible for maintenance issues arising at the Spectrum Center.

5. Upon hire, Defendant gave Plaintiff gave Plaintiff a copy of Defendant's Policy Manual stating Defendant's progressive discipline policies and procedures.

6. Plaintiff received favorable annual reviews at all times during his employment. Plaintiff did not receive any written or verbal job performance warning or notice of infraction at any time during his employment prior to his abrupt termination of employment on August 6, 2020.

7. During his employment, Plaintiff regularly saw his managers and co-workers consume alcohol while on duty at work. Plaintiff's supervisors and managers kept refrigerators in their offices stocked with beer and alcohol drinks, which they offered to Plaintiff and other guests.

8. None of Defendant's published policies contain absolute prohibitions upon consumption of alcohol.

9. Throughout Plaintiff's employment, his supervisor warned him about HIS supervisor, Cathy Buchhofer, warning Plaintiff that Ms. Buchhofer was politically "liberal" and would not tolerate conservative viewpoints in the office. Plaintiff was specifically warned not to object to the airing of "liberal" viewpoints or else he would face job discipline and retaliation. Plaintiff was specifically warned to avoid making conservative political posts on social media of which Ms. Buchhofer might become aware, and then retaliate against Plaintiff.

10. Despite such warnings, all employees and managers, including Ms. Buchhofer, learned of Plaintiff's conservative political beliefs.

11. On August 6, 2020, without any prior write ups or warnings, Defendant terminated Plaintiff's employment. In the termination call, Defendant's managers first stated the reason was that Plaintiff had an open beer visible during a recent work Zoom call he had participated in from home (on his day off). When Plaintiff protested that many managers consumed alcohol at work, Defendant's Human Resources Manager said the reason was that Plaintiff was "wearing a Donald Trump shirt" in the Zoom call.

12. Upon information and belief, Defendant's termination of Plaintiff's employment was retaliatory discrimination against Plaintiff because of his expressed political viewpoints and opinions, which are matters of public concern.

## FIRST CAUSE OF ACTION

13. Plaintiff realleges and reincorporates paragraphs 1-12 of his Complaint herein by reference.

14. Defendant's actions have deprived Plaintiff of his rights of freedom of speech as contained in the First Amendment of the Constitution of the State of North Carolina.

15. This violation of rights was proximately caused by Defendant who was acting under color of state law, and local ordinances, regulations, customs or usages as a municipal entity, in violation of 42 USC 1983.

16. As a result of the foregoing wrongful termination, Defendant has caused Plaintiff economic and non economic compensatory damages in excess of $25,000.00.

## SECOND CAUSE OF ACTION

17. Plaintiff realleges and reincorporates paragraphs 1-16 of his Complaint herein by reference.

18. Defendant's termination of Plaintiff's employment because of his political views violates North Carolina's public policy against political coercion. See, N.C. Gen. Stat.

160A-169, and North Carolina common law recognizing claim for wrongful termination in violation of public policy.

19. As a result of the foregoing wrongful termination, Defendant has caused Plaintiff economic and non-economic compensatory damages in excess of $25,000.00.

**WHEREFORE**, Plaintiffs respectfully prays the Court as follows:

1. Awarding damages incurred by Plaintiff in excess of $25,000;

2. That the costs of this matter, including reasonable attorneys' fees, be taxed against the Defendants as allowed by law;

3. For such other relief as the Court deems just and proper.

This the 30th day of April, 2021.

Jeremy Stephenson, N.C. Bar No. 34623
*Attorney for Plaintiff*

OF COUNSEL:

POPE AYLWARD SWEENEY & STEPHENSON, LLP
6701 Carmel Road, Suite 105
Charlotte, NC 28226
Phone: 704-374-1600
Facsimile: 704-759-8966
Email: jstephenson@passlawyers.com